**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FNU PAYASWINEE<br>    602 1401 Arch St<br>Philadelphia, PA 19102<br>            Plaintiff(s)<br><br>            v.<br><br>MARKWAYNE  MULLIN, in his official<br>capacity, Secretary, U.S. Department of<br>Homeland Security;<br>JOSEPH B. EDLOW, in his official capacity,<br>Director, U.S. Citizenship and Immigration<br>Services;<br>    2707 Martin Luther King Jr. Ave, SE<br>    Washington, DC 20528-0485<br><br>TODD BLANCHE, in his official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>    950 Pennsylvania Avenue, NW<br>    Washington, DC 20530-0001<br><br>            Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 2:26-cv-3407 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Non-resident Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, Illinois 60008, Ph: 312-767-9030, Facsimile: (312) 549-9981, Email: sadaf@jeelani-law.com;  Jordan Lane, Local Counsel for Plaintiff, HOGAN & VANDENBERG, 1608 Walnut Street, Suite 130, Philadelphia, Pennsylvania 19103; Ph. 610.664.6271; jordan@hvlawgroup.com.

1

**INTRODUCTION**

COMES NOW FNU PAYASWINEE, (hereinafter "Plaintiff PAYASWINEE" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1.        Plaintiff PAYASWINEE is a citizen of India and is the victim of qualifying criminal activity in the United States making her eligible for filing Form I-918, Petition for U Nonimmigrant Status.[1]

2.    Plaintiff filed both her Form I-918, Application for U Nonimmigrant Status and her Form I-765, Application for Employment Authorization concurrently on November 1, 2024.

3.    Despite completing biometrics and complying with all requirements, Plaintiff's applications have remained pending for over eighteen (18) months without adjudication.

4.        Plaintiff's Applications have now been in pending status since November 1, 2024, for a period of over one year and six months (over 18 months or 558 days).

5.    Plaintiff does not seek a final adjudication of her U visa petition at this time. Rather, she seeks adjudication of a bona fide determination ("BFD"), a preliminary determination established by U.S. Citizenship and Immigration Services ("USCIS") that allows eligible applicants to receive deferred action and employment authorization while their petitions remain pending.

6.    Plaintiff is entitled to receive a decision as to a bona fide determination EAD and deferred action from USCIS or be notified that she is eligible for the Waiting List Placement.[2]

---

[1] Individuals who are victims of certain qualifying criminal activity, have suffered substantial mental or physical abuse and are helpful or are likely to be helpful to law enforcement or government officials in the investigation or prosecution of criminal activity are eligible to apply for a U Nonimmigrant visa.

[2] As of June 14, 2021, USCIS was given the discretionary authority to provide employment authorization to certain noncitizens with bona fide pending U visa nonimmigrant petitions in order to address the significant backlog of U-visa cases and the annual cap on U-visas. In order to exercise its discretionary authority, USCIS implemented the bona fide determination process through which certain eligible petitioners can receive a bona fide determination employment authorization document (BFD EAD) and deferred action. The first step in the process is for USCIS to determine whether the pending petition is bona fide (the petitioner has properly filed a complete I-918 Application, an I-918 Supplement B, certification, a personal statement describing the incident involving the qualifying criminal activity, and USCIS has received the petitioner's background and security checks from the petitioner's biometrics), and thereafter grant the petitioner with an employment authorization card. Once the BFD EAD is granted, USCIS may also exercise its discretion in granting deferred action to the petitioner. Deferred action is for the same duration of validity as the BFD EAD (four years). If the petitioner is not granted the BFD EAD, the petition is assessed for eligibility for the Waiting List Placement and thereafter final adjudication.

7.      Defendants have a nondiscretionary duty to process and adjudicate applications within a reasonable time. Their failure to act on Plaintiff's applications constitutes agency action unlawfully withheld or unreasonably delayed under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1).

8.      As such, this action is brought to compel Defendants, and those acting under them, to take action on the Application and Employment Document.

**PARTIES**

9.      Plaintiff  FNU PAYASWINEE is a citizen of India and for purposes of this action she is a resident of Philadelphia County, Pennsylvania.  She is the applicant of a properly filed Form I-918, Application for U Nonimmigrant Status and she is eligible for a decision as to whether she qualifies for a Bona Fide Determination (hereinafter "BFD")  Employment Authorization Document (hereinafter "EAD") and Deferred Action by USCIS. (Receipt #IOE8755883314).

10.   Defendant MARKWAYNE MULLIN is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MULLIN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

11.     Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

12.     Defendant TODD BLANCHE is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

3

**JURISDICTION AND VENUE**

13.    This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

14.    Venue is proper in the District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiff resides.

**FACTUAL ALLEGATIONS**

15.    On November 1, 2024, Plaintiff PAYASWINEE filed Form I-918, Application for U Nonimmigrant Status following an incident in which she was the victim of qualifying criminal activity, rendering her eligible to apply for the above stated benefit. Concurrently, with her Form I-918, Plaintiff also filed Form I-765, Application for Employment Authorization **[EXHIBIT A].**

16.    On January 3, 2025, Plaintiff PAYASWINEE appeared for her biometrics appointment at a designated USCIS Application Support Center. **[EXHIBIT B]**

17.    Since appearing for her scheduled biometrics appointment, Plaintiff has made multiple inquiries to USCIS regarding the status of her Applications, but USCIS has made no further requests for evidence or information.

18.    Plaintiff has endured significant financial and emotional burdens as a result of the unreasonable period of time that her case has been pending without action by USCIS.

19.    Plaintiff PAYASWINEE has not received a decision from USCIS regarding the BFD EAD or deferred action, resulting in her Applications now pending for a total period of over one year and six months (over 18 months or 558 days).

4

**COUNT I**

VIOLATION OF THE APA – FORM I-918

20. All prior paragraphs are re-alleged as if fully stated herein.

21. Plaintiff PAYASWINEE has a statutory right to apply for a U Nonimmigrant Visa pursuant to 8 C.F.R. 214.14(b).

22. Defendants have a duty to adjudicate Plaintiff PAYASWINEE's Petition within a reasonable period of time under 5 U.S.C. §555(b).

23. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

24. No other adequate remedy is available to Plaintiff.

25. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to make a BFD as to her Petition.

26. While USCIS faces general processing demands, such demands do not excuse prolonged inaction, particularly where the agency has completed initial processing steps.

27. Plaintiff seeks only a preliminary determination that is designed to be adjudicated more efficiently than final petition adjudication.

28. Failure to act within a reasonable time undermines the humanitarian purpose of the U visa program.

29. Given the Defendants' lack of a reason for not making a BFD on Plaintiff PAYASWINEE's Form I-918 Petition for over one year and five months (over 17 months or 521 days), Plaintiff has been forced to wait for a BFD for an unreasonably long period of time.

30. Defendants have failed in their statutory duty to provide a decision as to whether Plaintiff PAYASWINEE is eligible for a BFD or for the Waiting List Placement within a reasonable period of time.

31. Defendants have violated the Administrative Procedure Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff PAYASWINEE's Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff PAYASWINEE's case.

32. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law.

33. Defendants have willingly and unreasonably delayed and have refused to provide a decision as to Plaintiff PAYASWINEE's Petition and her eligibility for a BFD, thereby depriving Plaintiff of the rights to which she is entitled.

34. As a victim of crime, Plaintiff is particularly vulnerable and intended to be protected by the U visa framework.

35. Plaintiff remains in a state of uncertainty and instability.

36. As a result of this delay, Plaintiff has incurred emotional distress, financial hardship, and ongoing insecurity.

**COUNT II**

VIOLATION OF THE APA – FORM I-765

37. All prior paragraphs are re-alleged as if fully stated herein.

38. On June 14, 2021, USCIS announced a new bona fide determination process through which petitioners of Form I-918, Application for U Nonimmigrant status and their qualifying family members may receive a four-year work authorization and deferred action.

39.     Pursuant to INA 214(p)(6), the Secretary of Homeland Security and USCIS have the discretionary authority to issue employment authorization documents to noncitizens with pending, bona fide U-nonimmigrant status petitions.[3]

40.     Upon the issuance of a BFD EAD, USCIS may also exercise its discretion in granting deferred action to the noncitizen petitioner for the same validity period as the BFD EAD.[4]

41.     Plaintiff PAYASWINEE's Form I-765, filed concurrently with her Form I-918, Petition for U Nonimmigrant Status has been pending with USCIS since November 1, 2024, without any indication as to when USCIS will exercise its statutory authority in issuing a decision as to whether Plaintiff PAYASWINEE is eligible for a BFD EAD and deferred action.

42.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff PAYASWINEE's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff PAYASWINEE's case.

43.     Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to provide a decision as to Plaintiff PAYASWINEE's Application and her eligibility for a BFD, thereby depriving Plaintiff of the rights to which she is entitled.

44.     As a result of this delay, Plaintiff has incurred emotional distress, financial hardship, and ongoing insecurity.

**PRAYER FOR RELIEF**

---

[3] Principal U-visa petitioners within pending petitions will have their BFD EAD issued pursuant to 8 C.F.R. 274a.12(a)(19) and (c)(14), while qualifying family members with pending petitions may receive their BFD EADs pursuant to 8 C.F.R. 274a.12(a)(20) and (c)(14). For individuals who have not previously filed Form I-765, once USCIS grants BFD, and the petitioner is issued a notice of eligibility for the BFD EAD, the petitioner must file Form I-765. Plaintiff filed form I-765 concurrently with her Form I-918, Petition for U Nonimmigrant Status.

[4] Where USCIS has made a grant of the BFD EAD and deferred action, the petitioner is considered to have established a prima facie case for approval of the underlying Petition pursuant to INA 237(d)(1).

WHEREFORE, the Plaintiff respectfully requests that this Court:

1.  Declare that Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's Form I-918 Petition for U Nonimmigrant Status, specifically with respect to a bona fide determination, and the related Form I-765 Application for Employment Authorization, in violation of the Administrative Procedure Action, 5 U.S.C § 706(1);

2.  Compel Defendants, pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), to adjudicate Plaintiff's eligibility for a bona fide determination on her Form I-918 Petition and to adjudicate her Form I-765 Application for Employment Authorization;

3.  Order Defendants to complete such adjudications within a specific time certain, to be determined by this Court;

4.  Retain jurisdiction over this matter to ensure compliance with the Court's order;

5.  Award Plaintiff reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

6.  Grant such other and further relief as the Court deems just and proper.

Date:  May 18, 2026

Respectfully submitted,

  /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (Bar # 36687-49 IN)**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Suite 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 549-9981**
***Non-resident Attorney for Plaintiff***
***PHV Admission Pending**

/s/ Jordan E. Lane
**Jordan E. Lane, Esq., (Bar #311792)**
**HOGAN & VANDENBERG**
**1608 Walnut Street,  Suite 1301**

**Philadelphia, PA 19103;**
**Ph. 610.664.6271**
**jordan@hvlawgroup.com**